UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS SCHERER and AMANDA SCHERER,<br><br>                                    Plaintiffs,<br><br>v.<br><br>FCA US, LLC; et al.,<br><br>                                    Defendant. | Case No.:  20-cv-2009-AJB(BLM)<br><br>**ORDER RE: JOINT DISCOVERY STATEMENT**<br><br>**[ECF Nos. 41 & 57]** |

Currently before the Court is the parties' Joint Discovery Statement regarding various discovery disputes.  ECF No. 57.  For the reasons set forth below, Plaintiffs' request to compel further responses is **GRANTED IN PART** and **DENIED IN PART**.

### PROCEDURAL HISTORY

On April 8, 2021, Plaintiffs filed a Motion to Compel Further Responses to Plaintiffs' Request for Production of Documents and Interrogatories.  ECF No. 27-1.  The nature of the dispute centered on whether a Stalling Defect alleged by Plaintiffs was within the scope of discovery.  See Id.  On May 12, 2021, the Court issued an Order Granting Plaintiffs' Motion to Compel finding that the alleged Stalling Defect was within the scope of discovery and ordering Defendant to supplement its discovery responses accordingly.  ECF No. 34.  On August 22, 2021,

1

Plaintiffs filed a Motion to Compel Defendant's Compliance with the Court's May 12, 2021 Discovery Order.  ECF No. 41.  In that motion, Plaintiffs alleged that the supplemental responses and the documents produced by Defendant "were deeply problematic" and did not comply with the Court's May 12, 2021 order.  ECF No. 41 at 3.  In response to Plaintiffs' motion, the Court set a briefing schedule.  ECF No. 42.  Defendant failed to file a timely opposition [see Docket], and Plaintiffs filed a reply on September 7, 2021.  ECF No. 43.  On September 8, 2021, Defendant filed an *ex parte* motion explaining that new counsel had taken over the representation of Defendant and the opposition deadline was not docketed due to medical issues and requesting to continue the briefing schedule.  ECF No. 44.  Due to the changed circumstances, the Court ordered counsel for the parties to meet and confer to discuss the discovery disputes set forth in Plaintiffs' August 22, 2021 motion and to file an updated report.  ECF No. 46.  After numerous extensions, the parties filed their Joint Discovery Statement on November 2, 2021.  ECF No. 57; see also ECF Nos. 48, 51, 54.

## LEGAL STANDARD

The scope of discovery under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  District courts have broad discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002); see also Surfvivor Media v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005) (same); U.S. Fidelity and Guar. Co. v. Lee Investments L.L.C., 641 F.3d 1126, 1136 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.") (internal quotation and citations omitted).  District courts also have

broad discretion to limit discovery to prevent its abuse.  See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

## DISCUSSION

## I.     FCA's Email Searches (RFP Nos. 24, 34, and 76)

Plaintiffs seek an order from the Court compelling Defendant to further respond to Plaintiffs' Request for Production of Documents ("RFP") Nos. 24, 34, and 76.  ECF No. 57 at 3; see also ECF No. 41-2 at 16, 25, 32.

Request for Production No. 24:

All DOCUMENTS, including electronically stored information and electronic mails, concerning any internal analysis or investigation by YOU or on YOUR behalf regarding the STALLING DEFECT in PACIFICA VEHICLES. [This request shall be interpreted to include, but not limited to, executive reviews, executive summaries, failure rate analyses, investigation to determine the root cause of the STALLING DEFECTS, any such investigation to implement a countermeasure, fix, or half measure, any such investigation into the failure rates of parts associated with the STALLING DEFECTS, any cost analysis for implementing proposed repair procedures, any savings analysis not implementing proposed repair procedures, etc.]

ECF No. 42-1 at 16.

Request for Production No. 34:

All DOCUMENTS, including analyses and reports, that YOU have received from third-parties concerning the STALLING DEFECT in PACIFICA VEHICLES.

Id. at 25.

Request for Production No. 76:

All DOCUMENTS, including electronically stored information and electronic mails, regarding any communications between YOU and any government agency or entity (e.g. National Highway Traffic Safety Administration) regarding the STALLING

DEFECT in PACIFICA VEHICLES.

Id. at 32.

In the Court's May 12, 2021 Order, Defendant was ordered to "supplement its discovery responses to include information and documents regarding Stalling Defects in 2018 Chrysler Pacifica vehicles in the United States" and to "modify its search terms, custodians and databases to ensure that it is producing all responsive and relevant information, including information relating to the Stalling Defect." ECF No. 34 at 7.  In the Joint Discovery Statement, Plaintiffs acknowledge that Defendant produced supplemental responses on October 4, 2021 [ECF No. 57 at 3, n. 1], ran 7 of the 8 search strings based upon Plaintiffs' defect definition [Id. at 3], and has agreed to run the remaining search string and produce relevant documents.  Id. at 3, n. 2. Defendant also performed searches on the agreed-upon custodians and provided Plaintiffs with a breakdown of the uncovered emails based on the 7 of 8 search strings and the agreed-upon custodians.  Id. at 4-5.

Plaintiffs object to Defendant's search methods and argue that Defendant should 1) produce all non-privileged documents identified by the search terms, 2) identify the "search and review parameters" used to reduce the number of emails from the 4,829 identified to the 698 produced, and 3) identify specific information regarding the search terms and parameters, and a privilege log for its document production of Electronically Stored Information ("ESI") and emails.  Id. at 6-12.  Defendant contends that it conducted its review "using the search terms, scope, and custodians requested by Plaintiffs and produced any responsive documents identified in those searches." Id. at 12.  Defendant explains that its search located 4,829 documents, and after reviewing those documents, produced the 698 that were responsive.  Id.  Defendant argues that it is entitled to review identified documents for relevance and to only produce those responsive to the discovery request.  Id. at 13.  Defendant asserts that Plaintiffs are not entitled to conduct discovery on how Defendant performed its discovery obligations.  Id. at 13-15.

The Court agrees with Defendant.  Defendant is allowed to review all documents identified by search terms for relevance and privilege and to only produce the non-privileged documents that are relevant and responsive to the discovery request.  See Fed. R. Civ. P. 26

1   and 34.  Plaintiffs' request for an order requiring Defendant to produce all documents identified

2   by the original search terms is **DENIED**.

3       Plaintiffs argue that Defendant should be required to provide the search and review

4   parameters/discovery protocol that resulted in the reduction of documents from the 4,829

5   identified by the search terms to the 698 that were produced.  ECF No. 57 at 6-7, 15-17.

6   Plaintiffs argue that Defendant's search methods are suspect because the reviewers did not read

7   Plaintiffs' discovery requests or the Court's order.  Id. at 7-8.  Defendant responds that the

8   document reviewers worked "under the direction of counsel who prepared the ESI protocol."

9   Id. at 18.  Plaintiffs also speculate that the search terms/protocols are insufficient because

10  Defendant only produced "3 emails involving FCA's lead engineer for Pacifica Vehicles, Jessica

11  Lafond." Id. at 7, n. 3.  Defendant responds that it did not identify Ms. Lafond as a person likely

12  to have responsive documents; Plaintiffs identified her as a custodian.  Id. at 13.  Defendant

13  states that it produced all of the identified responsive documents.  Id.

14      Plaintiffs do not have a right to conduct discovery into Defendant's discovery methods.

15  See Perez v. DirecTV Grp. Holdings, LLC, Case No. SA CV 16-01440-JLS(DFMx), 2020 WL

16  5875026, at *2 (C.D. Cal. Aug. 17, 2020) (discovery on discovery requires the requesting party

17  to present "a sufficient factual basis for questioning the adequacy of the responding party's

18  discovery practices"); see also Jensen v. BMW of N. Am., LLC, 328 F.R.D. 557, 566 (S.D. Cal.

19  2019) (discovery into another party's discovery process is disfavored (citation and quotations

20  omitted)).  Here, Plaintiffs have not demonstrated that Defendant's discovery practices are

21  inadequate. Plaintiffs' speculation does not warrant the extensive discovery/disclosure of

22  information that Plaintiffs are seeking.  Defendant is required to produce all of the non-privileged

23  documents that are responsive to Plaintiffs' discovery requests and Defendant repeatedly states

24  that it has complied (and will continue to comply) with this discovery obligation.  Plaintiffs'

25  request to conduct discovery into Defendant's discovery practice and/or to require Defendant to

26  provide details regarding its discovery practice is **DENIED**.

27      Plaintiffs argue that Defendant must provide five categories of information regarding its

28  search efforts.  Id. at 9.  Plaintiffs argue that this information is required both by Interrogatory

Number 16 and this Court's order.  Id. at 10-11.  Plaintiffs also argue that this information is required because while the parties agreed on search terms and custodians for email searches, they did not agree on search parameters and methodology for all other types of document review.  Id. at 11-12.  Again, the Court disagrees with Plaintiffs.  The Court did not order the parties to agree on all search procedures for all documents.  ECF No. 34.  The Court defined the scope of relevant information, ordered Defendant to supplement its response in accordance with the Court's definition, ordered Defendant to meet and confer with Plaintiffs, and ordered Defendant to "modify its search terms, custodians and databases to ensure that it is producing all responsive and relevant information, including information relating to the Stalling Defect." Id. at 7.  Defendant's response indicates that it complied with the Court's order.  ECF No. 57. Defendant met and conferred with Plaintiffs, incorporated many of their requested search terms and custodians, executed searches, and produced responsive documents.  Id.  Moreover, Defendant repeatedly states that it has produced (or will produce) all responsive documents ordered by the Court.  Id.  As previously discussed, the onus is on Defendant to produce all relevant, responsive, and non-privileged documents and the method by which Defendant accomplishes this discovery task is not at issue at this time.  For the same reasons, Plaintiffs' request to require Defendant to supplement its response to Interrogatory Number 16 to provide the five categories of information set forth on page 9 of the Joint Statement is **DENIED** as the requested information that has not been provided to Plaintiffs is irrelevant to this litigation at this time. [1]

///

///

///

///

///

---

[1] The Court notes that Defendant has provided much of the requested information to Plaintiffs including the search terms and custodians for the email searches and the number of identified and produced documents.  ECF No. 57 at 12.

**II.    FCA's Database Searches (RFP Nos. 28 and 29)**

Plaintiffs seek an order from the Court compelling Defendant to further respond to Plaintiffs' Request for Production of Documents ("RFP") Nos. 28 and 29.  ECF No. 57 at 19-22.

Request for Production No. 28:

All DOCUMENTS concerning customer complaints, warranty claims, and field reports related to the STALLING DEFECT in PACIFICA VEHICLES, including any databases in YOUR possession with information from dealers, service departments, parts departments, or warranty departments, and all documents concerning YOUR response to each complain, claim or reported failure.

ECF No. 42-1 at 18-19.

Request for Production No. 29:

All DOCUMENTS regarding the STALLING DEFECT and countermeasures, including any pre-release and post release internal investigations and root cause analysis, that are in YOUR possession, custody or control.

Id. at 22.

Plaintiffs again argue that Defendant has not provided sufficient details regarding its document collection and review methods.  ECF No. 57 at 20.  Defendant responds that "it identified in its most recent supplemental responses the specific databases searched, the terms utilized to conduct said and [sic] searches and the agreement to produce all of the responsive, nonprivileged, documents identified as a result of those searches."  Id. at 22.  For the reasons set forth above, Plaintiffs' request to have Defendant provide detailed information regarding the methods by which it searched for, reviewed, and produced responsive documents is **DENIED**. With regard to Plaintiffs' specific objections, the scope of discovery ordered by the Court was "Stalling Defects in 2018 Chrysler Pacifica vehicles in the United States."  ECF No. 34 at 7.  This definition includes all Chrysler Pacifica vehicles, not just the Touring L Plus vehicles, but is limited to the 2018 model, not 2017-2019 models.  With regard to Plaintiffs' request for production of all fields of information in the database, Plaintiffs do not establish that the missing databases contain non-duplicative information that is relevant to this litigation; Plaintiffs merely state that

7

they expect all fields to be produced and they were not.  ECF No. 57 at 21.  This is insufficient.  Defendant provided an explanation for why various fields were not produced.  Id. at 22.  The Court declines to require Defendant to provide all of the omitted fields.

**III.   Redactions in Produced Documents**

Plaintiffs argue that large portions of documents are redacted for relevance and that any redaction except for privilege or Personal Identifiable Information ("PII") is improper.  Id. at 27.  Defendant responds that it properly redacted nonresponsive information and provided Plaintiffs with a redaction log detailing which documents were redacted and the basis for those redactions.  Id. at 28.  Nevertheless, Defendant states that it has agreed to provide an updated production for Plaintiff and will leave the documents unredacted with the exception of customers' PII.  Id. at 29.  In light of Defendant's agreement, Plaintiffs' motion is **GRANTED**.  Defendant must provide Plaintiffs with an updated production of documents, redacting only customer PII, by **December 3, 2021**.

**IV.   Production of "Executive Reviews" and Similar Documents (RFP No. 53)**

Plaintiffs' RFP No. 53 requests "[a]ll executive summaries, summaries, reports, analyses, evaluations, or memoranda that discuss or analyze the STALLING DEFECTS in PACIFICA VEHICLES."  ECF No. 41-2 at 29.  Plaintiffs state that they provided Defendant with the types of Executive Reviews that it seeks, but that Defendant has not commented on or attempted to explain why the type of document identified by Plaintiffs has not been produced.  ECF No. 57 at 29.  Defendant contends that it has produced all of the responsive documents and that there are no additional documents responsive to Plaintiffs demands.  Id. at 30.  Because Defendant has no additional documents responsive to Plaintiffs' demand, Plaintiffs' motion to compel further responses to RFP No. 53 is **DENIED** as moot.  Defendant is reminded of its ongoing obligation to supplement its responses if additional information is found.

///

///

///

///

**V.    FCA's Recall Policy and Procedure Manual (RFP No. 80)**

Plaintiffs' RFP No. 80 seeks Defendant's recall policy and procedure.  ECF No. 41-2 at 33.  Plaintiffs state that Defendant produced a document titled "Defect Determination Process, Field Action Decision Process, FSAR how to, Service Action RASIC, and Task Flow," but has not confirmed in writing that this is Defendant's only recall policy and procedure document.  ECF No. 57 at 30.  Defendant states that it has "produced the responsive documents to [Plaintiffs'] request, and that it will inform Plaintiffs if any additional documents are identified.  Id. at 31.  Again, because Defendant states that it has produced all responsive documents and because Plaintiffs have not provided any evidence indicating that Defendant's response is inaccurate, Plaintiffs' motion to compel further response to RFP No. 80 is **DENIED** as moot.

**IV.    Supplemental Responses to Plaintiffs' Special Interrogatories Nos. 11, 12, and 14-19**

Plaintiffs argue that Defendant has yet to serve supplemental responses to Plaintiffs' Special Interrogatories.  ECF No. 57 at 31.  Defendant states that it will "further supplement all of the requests at issue once the final ESI productions [are] complete to avoid the need for additional supplementation."  Id. at 32.  Plaintiffs' request is **GRANTED**.  Defendant must supplement its responses to Plaintiffs' Special Interrogatories Nos. 11, 12, and 14-19 by **December 10, 2021**.

///

///

///

///

///

///

///

///

///

///

**CONCLUSION**

The Joint Discovery Statement updated the status of discovery between the parties, identified disputes raised in Plaintiffs' discovery motion that have been resolved, and identified disputes that remained at issue.   The Court has now resolved all of the discovery disputes identified in the Joint Discovery Statement.   As a result, except as addressed in this Order, Plaintiffs' Motion to Compel [ECF No. 41] is **DENIED** as moot.

Defendant is ordered to produce to Plaintiffs by **December 3, 2021** all of the RFP discovery ordered in this Order, as well as all of the discovery Defendant represented it was going to produce, including the required privilege logs.

Defendant is ordered to supplement its responses to Plaintiffs' Special Interrogatories Nos. 11, 12, and 14-19 by **December 10, 2021**.

**IT IS SO ORDERED**.

Dated:  11/23/2021

Hon. Barbara L. Major
United States Magistrate Judge