UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS SCHERER and AMANDA SCHERER,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US, LLC and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 20-cv-02009-AJB-BLM<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SEAL (Doc. No. 76)** |

Before the Court is Plaintiffs' motion to file documents under seal. (Doc. No. 76.) Plaintiffs wish to file redacted exhibits attached to the Declaration of Dara Tabesh in support of its motion for attorney fees, costs, and expenses. (*Id.* at 2.) There is no opposition to Plaintiffs' motion to seal. For the reasons set forth below, the Court **DENIES** Plaintiffs' motion.

I.   BACKGROUND

This is a "Lemon Law" lawsuit under the Song Beverly Act, Cal. Civ. Code § 1794(d), regarding Plaintiffs' 2018 Chrysler Pacifica, identification number 2C4RC1EGXJR351970, that Plaintiffs purchased for $50,141.28. (Doc. No. 75 at 5.)

On November 1, 2021, the Parties entered into a modified protective order

permitting the Parties to designate as "CONFIDENTIAL" information that qualifies for protection under Federal Rule of Civil Procedure 26(c). (Doc. No. 55 at 1–2.) The protective order also permits the Parties to designate as "CONFIDENTIAL – FOR COUNSEL ONLY" documents they, in good faith, believe contain trade secrets or other confidential research or information. (*Id.* at 1.)

Plaintiffs now seek to seal information that describes and refers to confidential documents and testimony deemed "Subject to Protective Order" by Defendant FCA US, LLC. (Doc. No. 76-1 at 2.)

## II.    LEGAL STANDARDS

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). The court must consider these interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (internal quotations omitted).

On non-dispositive motions, a party seeking to file under seal a document need only establish "good cause" exists for sealing the record. *In re Midland Nat. Life Ins. Co. Annuity Sales Prac. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam); *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1135). Numerous district courts within the Ninth Circuit have concluded that the "good cause" standard applies to motions to seal

documents relating to a motion for attorneys' fees. *Adtrader, Inc. v. Google LLC*, Case No. 17-cv-07082-BLF, 2020 WL 6395528, at *2 (N.D. Cal. Feb. 11, 2020); *see, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *33 (N.D. Cal. Aug. 17, 2018) (applying good cause standard because issues in attorneys' fees motion were only tangentially related to the merits of the case); *MacDonald v. Ford Motor Co.*, No. 13-CV-02988-JST, 2016 WL 7826647, at *2 (N.D. Cal. Mar. 7, 2016) (same); *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 5116721, at *2 (N.D. Cal. Aug. 28, 2015) (applying good cause standard "[b]ecause Defendant's motion for attorneys' fees and costs is a nondispositive motion.")

## III.   DISCUSSION

Plaintiffs seek permission to seal the following documents as they allegedly contain Defendant's confidential documents and testimony: Exhibits B and C to Dara Tabesh's Declaration in support of Plaintiffs' motion for attorney fees, costs, and expenses. (Doc. No. 76 at 2.) Exhibit B is an excel spreadsheet which summarizes documents produced by Defendant, while Exhibit C is the Expert Report of Plaintiffs' expert, Dan Calef, which refers and relies on documents and deposition testimony, both of which were designated as confidential and subject to the Protective Order by Defendant. (*Id.*)

Plaintiffs' motion does not comply with the Civil Case Procedures of the Honorable Anthony J. Battaglia, U.S. District Judge, nor the law of this Circuit, which require the party moving for a sealing order to make a particularized showing of good cause— supported by factual evidence—that outweigh the strong presumption of access. *See Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 586 (N.D. Cal. 2020); J. Battaglia Civ. Case Proc. § IV.3. Plaintiffs also fail to attach an affidavit or declaration in support of their motion as required by Judge Battaglia's Civil Case Procedures. *See* J. Battaglia Civ. Case Proc. § IV.3. Plaintiffs solely rely on reference to the stipulated protective order, which does not supply a legal basis to curtail the public's access to judicial records. *See In re Ferrero Litig.*, No. 11-CV-205 H(CAB), 2011 WL 3360443, *2 (S.D. Cal. Aug. 3, 2011) (holding that a protective order itself does not satisfy the standard required of a sealing

order). Plaintiffs also fail to identify a specific harm that would be caused by the public disclosure of these documents.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to seal. (Doc. No. 76.) If Plaintiffs wish to provide supplemental briefing regarding any exhibits for which sealing is denied without prejudice, they must do so by **August 19, 2022**. Plaintiffs may either provide additional facts to support their request to seal exhibits in their entirety or propose targeted redactions. If Plaintiffs do not file supplemental briefing by this date, the Court shall instruct the Clerk to docket the exhibits in accordance with this Order. The exhibits will remain lodged under seal in the interim.

**IT IS SO ORDERED.**

Dated: August 8, 2022

Hon. Anthony J. Battaglia
United States District Judge