UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS SCHERER and AMANDA SCHERER,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US, LLC and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 20-cv-02009-AJB-BLM<br><br>**ORDER GRANTING JOINT MOTION TO SEAL (Doc. No. 124)** |

Before the Court is the parties' supplemental briefing in support of their joint motion to file documents under seal. (Doc. No. 124.) The parties wish to file the redacted Supplemental Declaration of Payam Shahian, with attached exhibits A through E, in support of Plaintiffs' reply in support of their motion for attorney fees, costs, and expenses. (Doc. No. 118 at 3.) For the reasons set forth below, the Court **GRANTS** the parties' motion.

I.   **BACKGROUND**

This is a "Lemon Law" lawsuit under the Song Beverly Act, Cal. Civ. Code § 1794(d), regarding Plaintiffs' 2018 Chrysler Pacifica, identification number 2C4RC1EGXJR351970, that Plaintiffs purchased for $50,141.28. (Doc. No. 75 at 5.)

1    On November 1, 2021, the parties entered into a modified protective order permitting them to designate as "CONFIDENTIAL" information that qualifies for protection under Federal Rule of Civil Procedure 26(c). (Doc. No. 55 at 1–2.) The protective order also permits the parties to designate as "CONFIDENTIAL – FOR COUNSEL ONLY" documents they, in good faith, believe contain trade secrets or other confidential research or information. (*Id.* at 1.)

The parties now seek to seal information that describes and refers to confidential documents and testimony deemed "Subject to Protective Order" by Defendant FCA US, LLC. (Doc. No. 118 at 4–5; Doc. No. 124.) The redacted version of the Supplemental Shahian Declaration was filed with Plaintiffs' reply papers and is part of the record at Docket No. 96. On September 22, 2022, the Court denied without prejudice the parties' joint motion to seal. (Doc. No. 121.) The Court invited the parties to provide supplemental briefing regarding any exhibits for which sealing was denied without prejudice. (*Id.*) The parties thereafter submitted the instant Supplemental Briefing in Support of Joint Motion to Seal. (Doc. No. 124.)

## II.  LEGAL STANDARDS

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). The court must consider these interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without

relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (internal quotations omitted).

On non-dispositive motions, a party seeking to file under seal a document need only establish "good cause" exists for sealing the record. *In re Midland Nat. Life Ins. Co. Annuity Sales Prac. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam); *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1135). Numerous district courts within the Ninth Circuit have concluded that the "good cause" standard applies to motions to seal documents relating to a motion for attorneys' fees. *Adtrader, Inc. v. Google LLC*, Case No. 17-cv-07082-BLF, 2020 WL 6395528, at *2 (N.D. Cal. Feb. 11, 2020); *see, e.g., In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *33 (N.D. Cal. Aug. 17, 2018) (applying good cause standard because issues in attorneys' fees motion were only tangentially related to the merits of the case); *MacDonald v. Ford Motor Co.*, No. 13-CV-02988-JST, 2016 WL 7826647, at *2 (N.D. Cal. Mar. 7, 2016) (same); *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 5116721, at *2 (N.D. Cal. Aug. 28, 2015) (applying good cause standard "[b]ecause Defendant's motion for attorneys' fees and costs is a nondispositive motion.")

## III. DISCUSSION

The parties seek permission to seal the following documents as they allegedly contain FCA's confidential documents and testimony: Exhibits A through E to the Supplemental Shahian Declaration, as well as portions of the declaration reproducing said exhibits. (Doc. No. 118 at 4.) Each exhibit is an email chain internal to FCA, all of which were designated as confidential and subject to the Protective Order by FCA. (*Id.*) The parties allege these constitute confidential business information as they contain FCA's proprietary information which has not been previously disclosed in any litigation. (*Id.* at 5.) Specifically, FCA asserts the contents of these company emails contain technical, commercially sensitive information exchanged internally by FCA's team of engineers, and reflect FCA's intellectual property. (Doc. No. 124 at 3.)

Although the documents are subject to a Protective Order, the Court does not take

that into consideration on this Motion to Seal and will only grant the Motion if compelling reasons are shown. *See Kamakana*, 447 F.3d at 1179 ("The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order.").

Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened. *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978). The Court is satisfied that the parties have demonstrated good cause to warrant sealing. The parties assert that FCA will suffer serious competitive harm if the internal company emails are revealed to the public. Public disclosure of FCA's confidential business material, safety investigations, software improvements could result in improper use by business competitors seeking to replicate FCA business practices and circumvent the time and resources necessary in developing their own practices and strategies. Moreover, the Court finds that the parties only seek to seal a limited amount of information. Accordingly, the Courts finds the parties to have shown good cause to seal Exhibits A through E to the Supplemental Shahian Declaration, as well as the portions of the declaration reproducing said exhibits.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' joint motion to seal. (Doc. Nos. 118, 124.) The Clerk of Court is instructed to file the currently sealed lodged proposed Supplemental Declaration of Payam Shahian in Support of Plaintiff's Reply in Support of their Motion for Attorney Fees, Costs and Expenses under seal. (Doc. No. 112.)

**IT IS SO ORDERED.**

Dated: October 19, 2022

Hon. Anthony J. Battaglia
United States District Judge